UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LARRY FITCH                          CIVIL ACTION NO. 08-cv-1126

VERSUS                               JUDGE HICKS

LA DEPT OF PUBLIC SAFETY             MAGISTRATE JUDGE HORNSBY
& CORRECTIONS, ET AL

## REPORT AND RECOMMENDATION

Larry Fitch ("Plaintiff") is an inmate in state custody. He filed this pro se civil rights action against a number of prison officials based on allegations surrounding his medical care while he was housed at Forcht Wade Correctional Center. Plaintiff alleges that he was forced to take medication that should have been given to another inmate, that he later experienced nausea and difficulty breathing, and that he was eventually taken to a hospital emergency room and hospitalized for two days.

Before the court is a Motion to Dismiss (Doc. 13) filed by Defendants on the grounds that Plaintiff did not exhaust his administrative remedies prior to filing this civil action. Congress has provided that no action shall be brought with respect to prison conditions under Section 1983 or any other federal law by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). The statute's reference to actions "with respect to prison conditions" is interpreted broadly and includes those actions that allege the use of excessive force or denial of medical care. Porter v. Nussle, 122 S.Ct. 983 (2002); Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

When ruling on a motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. <u>Erickson</u>,127 S.Ct. at 2200. For that reason, an affirmative defense (such as failure to exhaust) is "generally not the proper subject of Rule 12(b)(6) motions." <u>Songbyrd, Inc. v. Bearsville Records, Inc.</u>, 104 F.3d 773, 776 n. 3 (5th Cir. 1997). The movant can prevail on the defense only if the grounds for dismissal "clearly appear on the face of the plaintiff's complaint." <u>Id</u>. And prisoners need not "specifically plead or demonstrate exhaustion in their complaints" to avoid 12(b)(6) dismissal. <u>Jones v. Bock</u>, 127 S.Ct. 910 (2007).

The form on which Plaintiff filed his complaint included questions about whether Plaintiff pursued an administrative remedy. Plaintiff checked spaces to indicate that there was a grievance procedure available in the institution but that he did not file a grievance. When given an opportunity to explain why a grievance was not filed, Plaintiff wrote, "I was in an allergic reaction state, from the medicine they forced me to take, and I was unaware that I had filed." Plaintiff also wrote in a letter that accompanied his complaint that, with respect to an administrative remedy procedure ("ARP"), "I didn't know how to file, nor did it come to mind."

The complaint form that Plaintiff used is a form that this court issued before the <u>Jones</u> decision, which held that the court may not force a prisoner to plead exhaustion. <u>See</u> <u>also</u> <u>Carbe v. Lappin</u>, 492 F.3d 325 (5th Cir. 2007)("a district court cannot by local rule sidestep <u>Jones</u> by requiring prisoners to affirmatively plead exhaustion"). Consistent with <u>Jones</u>, the

court no longer orders prisoners to prove exhaustion at the pleading stage, but the complaint form long in use by area prisoners includes questions about exhaustion and a request to attach exhaustion information. That form may eventually be amended by the district, but there will undoubtedly be many complaints filed in months (and perhaps years) to come that will employ the current complaint form that was widely distributed to area prisons and jails.

The better practice in such cases, to avoid running afoul of _Jones_, is for the defendant(s) to assert the exhaustion defense by _motion for summary judgment_, supported by competent evidence of the prisoner's relevant ARP record.[1] This will avoid reliance on documents or information submitted by the prisoner that _Carbe_ says the court could not properly order the prisoner to file. If the prisoner files a complaint on a form that does not direct him to file proof of exhaustion, but he nonetheless voluntarily submits his ARP information, a Rule 12(b)(6) motion might be adequate to assert the exhaustion defense, but even then a motion for summary judgment will remove all doubt and avoid needless litigation and appeals regarding the procedural issue.

Plaintiff has filed a memorandum in opposition to the motion, but he does not contend that he exhausted his administrative remedies. Rather, he makes general assertions that the

---

[1]State prison officials have in the past filed several motions for summary judgment regarding exhaustion issues. The defense is usually supported by an affidavit from the official who administers the ARP system. The official testifies about the existence and terms of the ARP plan in place at the relevant time, attaches certified copies of any filing that the prisoner did make (together with responses thereto), or certifies that a diligent check of the records reveals no filing by the prisoner with respect to the claims at issue.

ARP system is corrupt and ineffective. The Supreme Court has refused to read a futility exception into the statutory exhaustion requirement. <u>Booth v. Churner</u>, 121 S.Ct. 1819, 1825 n.6 (2001). <u>See</u> <u>also</u> <u>Bonner v. Williams</u>, 67 Fed. Appx. 244 (5th Cir. 2003).

Plaintiff has admitted in his pleadings that he did not file a ARP grievance, and he does not contend otherwise in response to the motion to dismiss. In this setting, the undersigned will recommend that the motion be granted despite concerns about the procedural propriety of doing so. The movants are strongly encouraged to take the advantage of the ten-day period for objections that follows this Report and Recommendation and file summary judgment evidence to support their defense. This will essentially convert the motion to one for summary judgment, and Plaintiff will then have a ten-day opportunity to file any competing evidence, in satisfaction of the notice requirement of Fed. R. Civ. P. 56. Movants are also advised that they should normally use a motion for summary judgment to present any challenges in future cases that rely on lack of exhaustion or other affirmative defense.

Plaintiff also asks that the court appoint counsel, but the court is not required to appoint counsel for an indigent plaintiff who asserts a Section 1983 claim unless "exceptional circumstances" exist. <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 212 (5th Cir. 1982. Plaintiff is able to articulate his complaints sufficiently without counsel, and his admitted failure to exhaust administrative remedies presents a defense to his complaint that counsel could not overcome.

The next question is whether Plaintiff's complaint should be dismissed with or without prejudice to refiling *in forma pauperis*. The district court in <u>Wendell v. Asher</u>, 162 F.3d 887 (5th Cir. 1998) dismissed an unexhausted complaint without prejudice, and the Fifth Circuit affirmed. In a similar setting, <u>Underwood v. Wilson</u>, 151 F.3d 292 (5th Cir. 1998), the district court dismissed with prejudice to refiling with pauper status, and the Fifth Circuit affirmed as well. The <u>Underwood</u> dismissal was deemed to serve as a deterrent to premature filings, thus serving the Congressional purpose of providing relief from frivolous prisoner litigation and discouraging premature filings. <u>Underwood</u>, 151 F.3d at 296.

The statute requiring pre-suit exhaustion has been in place for more than a decade. There have been several published decisions that make clear the mandatory nature of the requirement, and the court is aware from other litigation that there has long been in place an ARP system at Forcht Wade that is routinely used by inmates who file litigation in this court. <u>See</u> La. Admin Code. tit. 22, pt. I, § 325 (setting forth ARP rules for state prisons). Plaintiff chose to ignore the plain and simple requirements of the ARP system, so it is recommended that his complaint be dismissed with prejudice to refiling it *in forma pauperis*.

This may seem a bit harsh, but unexhausted prisoner complaints are a heavy burden on the court and society. The court once raised the lack of exhaustion *sua sponte* and swiftly terminated those cases, but the Supreme Court has now held that exhaustion is an affirmative defense that the defendants must raise. <u>Jones</u>, 127 S.Ct. at 921. The unexhausted complaints are now a greater burden on the courts, society, and the taxpayers because the court may not

quickly dismiss the complaint but must order service on the defendants, have the marshal serve the defendants with summonses and copies of the complaint, and the defendants must then pay lawyers to file motions that raise the exhaustion defense. These burdens make it more important now than ever to discourage the premature filing of unexhausted prisoner complaints. The law is clear that exhaustion must be completed before the suit is filed. If the court merely dismisses without prejudice to another IFP filing that allows the prisoner who ignores or flaunts the rules to immediately recommence his action without penalty, it will be counter-productive to the constant efforts of the court to persuade prisoners to obey Congress's mandate and exhaust administrative remedies before suit is filed.

Accordingly;

**IT IS RECOMMENDED** that the Motion to Dismiss (Doc. 13) be **granted** and that Plaintiff's complaint be **dismissed with prejudice** to refiling it in forma pauperis.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of February, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE